UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRACY L. LAWRENCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 1:13-cv-01250-SEB-DML |
| | ) |
| RON  RICHARDSON Madison County | ) |
| Sheriff, SHELLY Madison County Jail Nurse, | ) |
| TYLER  JUGG Madison County Jail Officer, | ) |
| R.  PERKINS Madison County Jail Officer, | ) |
| JOHN  DOES, JANE  DOES, | ) |
| | ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

**I.**

The plaintiff=s motion to proceed *in forma pauperis* [dkt. no. 3] is **granted.** The plaintiff

is assessed an initial partial filing fee of Two Dollars and Zero Cents ($2.00).  He shall have

**through September 10, 2013,** in which to pay this sum to the clerk of the district court.

**II.**

The complaint is now subject to the screening requirement of 28 U.S.C. § 1915A(b). This

statute directs that the court dismiss a complaint or any claim within a complaint which "(1) is

frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

monetary relief from a defendant who is immune from such relief." *Id.* **Claims against**

**defendants identified only as "John Does" and "Jane Does" are dismissed for failure to**

**state a claim upon which relief may be granted**. The inclusion of unknown or unidentified

individuals as defendants is problematic because "it is pointless to include [an] anonymous

defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed. R .Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). *See also, e.g., Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997) ("The use of fictitious names is disfavored, and the judge has an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts."); *K.F.P. v. Dane County*, 110 F.3d 516, 519 (7th Cir. 1997) ("The use of fictitious names for parties, a practice generally frowned upon, is left within the discretion of the district court.")(internal citations omitted).

## III.

The motion for summonses to be served by the U.S. Marshal [dkt. no. 4] is **denied as unnecessary.** To avoid unnecessary expenses, it is this Court's longstanding process to request that defendants waive service of a summons, see Fed. R. Civ. P. 4(d). Accordingly, the clerk is designated, pursuant to *Fed. R. Civ. P.* 4(c)(3), to issue and serve process on the defendants in the manner specified by *Fed. R. Civ. P.* 4(d)(1). Process shall consist of the complaint, applicable forms and this Entry.

**IT IS SO ORDERED.**

Date: ___08/19/2013___

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Carson Myers
CHRISTOPHER C. MYERS & ASSOCIATES
cmyers@myers-law.com

Ilene M. Smith
CHRISTOPHER MYERS & ASSOCIATES
ismith@myers-law.com

Officer R. Perkins
Madison County Jail
720 Central Avenue
Anderson, IN  46016

Officer Tyler Jugg
Madison County Jail
720 Central Avenue
Anderson, IN  46016

Jail Nurse Shelly
Madison County Jail
720 Central Avenue
Anderson, IN  46016

Sheriff Ron Richardson
Madison County Jail
720 Central Avenue
Anderson, IN  46016